IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DERRICK GOODMAN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| VS. ) | Civ. No. 16-1159-JDT-egb |
| ) | Crim. No. 05-10055-JDT |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255

On January 12, 2006, Derrick Goodman entered a guilty plea to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g); one count of possessing a short-barreled shotgun, in violation of 26 U.S.C. §§ 5822, 5861(c) and 5871; and possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. (No. 05-10055, Crim. ECF Nos. 23 & 24.) At sentencing the Court determined, based on his three prior Tennessee state-court convictions for aggravated burglary, that Goodman qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. He was sentenced to a 180-month term of imprisonment and a three-year term of supervised release on each count, to run concurrently. (No. 05-10055, Crim. ECF Nos. 44 & 45.) Goodman appealed, and the Court of Appeals affirmed. *United States v. Goodman*, No. 06-6572, slip op. at 2 (6th Cir. Oct. 23, 2007).

On June 17, 2016, through counsel, Goodman filed a motion pursuant to 28 U.S.C. § 2255 contending that his sentence is unlawful under the decision in *Johnson v. United States*, 135 S. Ct.

2551 (2015). (ECF No. 1.) In *Johnson*, the Supreme Court held the residual clause of the ACCA was unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. 135 S. Ct. at 2563. The decision in *Johnson* later was held to be retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

At the time of Goodman's sentencing, it was the law in the Sixth Circuit that Tennessee aggravated burglary qualified as a categorical violent felony under the ACCA's enumerated offenses clause, not under the residual clause. *See United States v. Sawyers*, 409 F.3d 732 (2005), *cited in United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007). However, the Sixth Circuit has now overruled *Nance* in *United States v. Stitt*, 860 F.3d 854, 860-61 (6th Cir. 2017) (en banc). In *Stitt*, the Court of Appeals held that "[b]ecause Tennessee's aggravated-burglary statute is both broader than generic burglary under the categorical approach and indivisible, a conviction under the statute does not count as a violent felony under the ACCA." *Id.* at 862. As a result of that decision, Goodman's prior Tennessee convictions for aggravated burglary can no longer be used as predicate offenses under either the enumerated offenses clause or the residual clause of the ACCA. Therefore, Goodman no longer qualifies as an armed career criminal and is entitled to relief under § 2255.

Goodman has filed a motion asking that he be granted immediate release from incarceration. (ECF No. 9.) Absent the ACCA enhancement, the maximum prison sentence Goodman could have received was 10 years or 120 months, which he has already served. At a status conference held on August 10, 2017, the United States agreed that Goodman's § 2255 motion should be granted and an amended criminal judgment entered sentencing him to time served.

2

Because Goodman no longer qualifies for an enhanced sentence under the ACCA, the motion under 28 U.S.C. § 2255 is GRANTED. The judgment in the criminal proceeding is hereby SET ASIDE. The Clerk is directed to prepare an amended criminal judgment sentencing Goodman to time served and three years of supervised release on each count, to run concurrent.

The Clerk is also directed to prepare a judgment in this civil case.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE